IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP C. TUCKER,<br><br>          **Plaintiff,**<br><br>   v.<br><br>CAROLYN W. COLVIN,<br>**Commissioner of Social Security,**<br><br>          **Defendant.** | :<br>:   CIVIL ACTION<br>:<br>:<br>:   No. 14-6986<br>:<br>:<br>:<br>:<br>: |

## ORDER

**AND NOW**, this 28th day of August, 2017, upon consideration of "Plaintiff's Brief and Statement of Issues in Support of Request for Review" (Doc. No. 14), the response thereto, the Report and Recommendation of the United States Magistrate (Doc. No 21), "Plaintiff's Objections to Report and Recommendation" (Doc. No. 22) and the response thereto, I find as follows:

1. Plaintiff brings this action under 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits. Plaintiff seeks disability benefits for the period between his alleged disability onset date of December 24, 2011, and his date last insured.[1] Plaintiff alleges that he is disabled as a result of degenerative disease of the lumbar spine, a history of a cerebral vascular accident and Parkinson's disease. An Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled during the relevant time period.

---

[1] Plaintiff amended his onset date from October 1, 2011 to December 24, 2011 at the administrative hearing.

1

**STANDARD OF REVIEW**

2. My review of the Commissioner's decision to deny disability insurance benefits is deferential. The Commissioner's decision must be affirmed if it is "supported by substantial evidence in the record." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999); see also 42 U.S.C. § 405(g). "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer, 186 F.3d at 427 (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). The ALJ's "decision should be accompanied by a clear and satisfactory explication of the basis on which it rests." Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981).

**DISCUSSION**

3. Plaintiff raises three objections to the Report and Recommendation. As noted below, these objections are largely restatements of the arguments presented in his request for review. The Magistrate Judge properly resolved these arguments in the Report and Recommendation. As such, Plaintiff's objections will be overruled.

*Severe Impairment*

4. Plaintiff objects to the Report and Recommendation's conclusion that (1) substantial evidence supported the ALJ's finding at step 2 that Plaintiff's lower back pain and stroke symptoms were not severe medically determinable impairments[2] and (2) regardless, the ALJ's decision on this issue was harmless because the ALJ did not reject Plaintiff's claim

---

[2] In his objections, Plaintiff incorrectly states that the ALJ found that he "did not have a 'severe' impairment since December 24, 2011." (Objs. p. 2.) The ALJ found that Plaintiff did not have a severe impairment during the period of December 24, 2011 through April 30, 2013 but did have a severe impairment from May 1, 2013 to August 1, 2014.

of disability at step 2 of the sequential analysis.[3] In this objection, Plaintiff essentially restates the argument presented in his request for review. The Magistrate Judge carefully and correctly resolved these issues in the Report and Recommendation.

*"Significant" and "Persistent"*

5. Next, Plaintiff objects that the Report and Recommendation overstated what the meaning of "significant" and "persistent" in Listing 11.04B–Central Nervous System Vascular Accident. In relevant part, Listing 11.04B requires "[s]ignificant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station." 20 C.F.R., Part 404, Subpart P, Appx. 1, § 11.04B. Plaintiff again restates arguments presented in his request for review. For the reasons stated in the Report and Recommendation, substantial evidence supports the ALJ's determination that Plaintiff's impairments did not match or equal Listing 11.04B.

*Gait and Station Deficits*

6. Similarly, Plaintiff objects that the Magistrate Judge, like the ALJ, only considered Plaintiff's right hand tremors and not Plaintiff's "well documented deficits in gait and station" when assessing whether his impairments did match or equal those specified in

---

[3] A "five-step sequential evaluation process" is used "to determine if a claimant has a disability." Ramirez v. Barnhart, 372 F.3d 546, 550 (3d Cir. 2004) (citing 20 C.F.R. § 404.1520 (2003)). At step two, the ALJ "will find no disability unless the claimant shows that he has a 'severe impairment,' defined as 'any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities.'" Id. (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)).

Listing 11.06 – Parkinsonian Syndrome.[4] For the reasons stated in the Report and Recommendation, I conclude that the ALJ's determination that Plaintiff's impairments did not match or equal Listing 11.06 is supported by substantial evidence.

**WHEREFORE**, it is hereby **ORDERED** that:

- The relief requested in Plaintiff's Statement of Issues in Support of Request for Review (Doc. No. 8) is **DENIED**;

- The Report and Recommendation is **APPROVED** and **ADOPTED**;

- Plaintiff's objections are **OVERRULED**;

- Judgment is entered in favor of Defendant Carolyn Colvin, Commissioner of Social Security; and

- The Clerk of Court is directed to mark this case closed.

                                **BY THE COURT:**

                                /s/ Mitchell S.Goldberg

                                **MITCHELL S. GOLDBERG, J.**

---

[4] Listing 11.06 sets forth the requirements for Parkinsonian syndrome as follows:

> Significant rigidity, brady kinesia, or tremor in two extremities, which, singly, or in combination, result in sustained disturbance or gross and dexterous movements, or gait and station.

20 C.F.R., Part 404, Subpart P, Appx. 1, § 11.06.